**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| SHANE VENABLE, individually and on behalf of all others similarly situated,<br><br>v.<br><br>AMERICAN CONSULTING AND TESTING, INC. | **Case No.** ____________<br>FLSA Collective Action |
|---|---|

# ORIGINAL COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Shane Venable brings this lawsuit against American Consulting and Testing, Inc. ("ACT") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2. ACT failed to pay Venable, and other workers like him, overtime as required by federal law.

3. Instead, ACT paid Venable, and other workers like him, the same hourly rate, even when they were working more than 40 hours in a workweek.

4. This collective action seeks to recover the unpaid wages and other damages owed to Venable and other workers like him at ACT.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Venable worked for ACT in this District and Division.

## PARTIES

7. Venable was, at all relevant times, an employee of ACT.

8. Venable was an hourly employee of ACT.

9. Venable's written consent is attached as Exhibit 1.

10. The class of similarly situated employees or potential class members sought to be certified is defined as:

> **All hourly employees of American Consulting and Testing, Inc. who were, at any point in the past three years, paid "straight time for overtime."**

11. American Consulting and Testing, Inc. is a Louisiana corporation with its headquarters and principal place of business in Oachita Parish, Louisiana. It may be served by service upon its registered agent, **Paul Hurd, 2483 Tower Dr. #1, West Monroe, LA 71201**, or by any other method authorized by law.

## COVERAGE UNDER THE FLSA

12. ACT was and is an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. ACT was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. During at least the last three years, ACT has had gross annual sales in excess of $500,000.

15. ACT was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

16. ACT employs many workers, including Venable, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or

otherwise work on goods or materials that have been moved in or produced for commerce by any person.

17. The goods and materials handled, sold, or otherwise worked on by Venable and other ACT employees and that have been moved in interstate commerce include, but are not limited to, pipelines and inspection equipment.

## FACTS

18. ACT provides support services for energy operations.

19. Venable began working for ACT in January 2019.

20. Venable was employed as an inspector for ACT.

21. Venable worked for ACT until August 2020.

22. Venable was an hourly employee of ACT.

23. ACT did not pay Venable a salary.

24. ACT did not pay Venable on a fee basis.

25. ACT paid Venable by the hour.

26. ACT paid Venable $27 per hour.

27. If Venable did not work an hour, he did not get paid.

28. Venable was not paid a guaranteed minimum amount of money.

29. Venable was not paid for a guaranteed minimum number of hours.

30. Venable reported the hours he worked to ACT on a regular basis.

31. Venable's hours are reflected in ACT's records.

32. Venable often worked more than 40 hours in a week.

33. But for any hours worked over 40 but under 50 in a workweek, Venable was paid at the same rate as those under 40.

34. In other words, ACT did not pay Venable an overtime premium for any hours Venable worked until he had worked at least 50 hours.

35. As ACT put it on Venable's timesheets, "OT Begins" at 50 hours:

| Hourly Rate | OT Begins |
|---|---|
| $ 27.00 | 50 |

36. So ACT paid Venable at the same hourly rate for all hours worked under 50, even those in excess of 40 in a workweek.

37. ACT paid Venable at the same rate for hours in excess of 40 in a workweek as those under 40 in a workweek.

38. For example, during the week of June 1, 2020, Venable worked for 47 hours.

39. And for the week of June 1, 2020, Venable was paid a total of $1,269.00 for his time worked.

40. 47 hours at $27.00 per hour is $1,269.00.

41. During the week of March 29, 2020, Venable worked only 10 hours.

42. And for the week of March 29, 2020, Venable was paid only $270.00 for his time worked.

43. 27 hours at $27.00 per hour is $270.00.

44. Rather than receiving time-and-a-half as required by the FLSA, Venable only received "straight-time" pay for many of his overtime hours worked.

45. This "straight-time-for-overtime" payment scheme violates the FLSA.

46. ACT was well aware of the overtime requirements of the FLSA.

47. ACT nonetheless failed to pay certain hourly employees, such as Venable, overtime.

48. ACT's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## Collective Action Allegations

49. ACT's illegal "straight time for overtime" policy extends well beyond Venable.

50. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *see also*, *e.g.*, *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

51. ACT has paid other hourly workers according to the same unlawful scheme.

52. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

53. The workers impacted by ACT's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

54. Therefore, the class sought to be certified is properly defined by paragraph 10 as:

> **All hourly employees of American Consulting and Testing, Inc. who were, at any point in the past three years, paid "straight time for overtime."**

## Cause of Action–Overtime Violations of the FLSA

55. Venable incorporates all other paragraphs.

56. By failing to pay Venable and the other Putative Class Members overtime at 1.5 times their regular rates, ACT violated the FLSA. 29 U.S.C. § 207(a).

57. ACT owes Venable and the other Putative Class Members the difference between the rate actually paid and the proper overtime rate.

58. Because ACT knew, or showed reckless disregard for whether, its pay practices violated the FLSA, ACT owes these wages for at least the past three years.

59. ACT also owes Venable and the other Putative Class Members an amount equal to the unpaid overtime wages as liquidated damages.

60. Venable and the other Putative Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## RELIEF SOUGHT

61. Wherefore, Venable prays for judgment against ACT as follows:

(a) For an order certifying this case as a collective action for the purposes of the FLSA claims;

(b) For an order finding ACT liable for violations of state and federal wage laws with respect to Venable and all Putative Class Members covered by this case;

(c) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Venable and all Putative Class Members covered by this case;

(d) For a judgment awarding Venable and all Putative Class Members covered by this case their costs of this action;

(e) For a judgment awarding Venable and all Putative Class Members covered by this case their attorneys' fees;

(f) For a judgment awarding Venable and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(g) For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Kenneth D. St. Pé*

**Kenneth D. St. Pé**, T.A.
Louisiana Bar Roll 22638
**Kenneth D. St. Pé, APLC**
311West University Ave., Ste. A
Lafayette, LA 70506
Telephone: (337) 534-4043
Telecopier: (337) 534-8379
kds@stpelaw.com

**Matthew S. Parmet**
Louisiana Bar # 32855
**Parmet PC**
3 Riverway, Ste. 1910
Houston, Texas 77056
phone 713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**