**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| SHANE VENABLE, individually and on behalf of all others similarly situated,<br><br>v.<br><br>AMERICAN CONSULTING AND TESTING, INC. | **Case No. 6:20-cv-01232-RRS-PJH**<br>FLSA Collective Action<br><br>Judge Robert R. Summerhays<br><br>Magistrate Judge Patrick J. Hanna |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND
TO DISMISS WITH PREJUDICE**

**A.  SUMMARY**

The Parties have reached a Settlement Agreement in this Fair Labor Standards Act (FLSA) case. The Settlement Agreement represents the culmination of over a year of investigation, litigation, and negotiation. Once approved, it will provide meaningful relief to Plaintiffs.

The Settlement Agreement is a compromise of disputed claims and does not constitute an admission by American Consulting and Testing, Inc. (ACT) of any violation of any federal, state, or local statute or regulation; of any violation of any of Plaintiffs' rights; or of any duty owed by ACT to Plaintiffs. ACT expressly denies Plaintiffs' claims and disputes Plaintiffs' entitlement to recover any damages; and disagrees with Plaintiffs as to, for example and without limitation: whether Plaintiffs were properly classified as exempt from the FLSA; whether ACT was required to pay overtime to Plaintiffs; whether ACT's alleged FLSA violations were made in good faith and on reasonable grounds; and whether ACT's alleged FLSA violations were willful under the law.

The Parties have entered into their Settlement Agreement as a compromise to avoid the risks, distractions, and costs that will result from further litigation. For these reasons, the Parties jointly request the Court approve the Parties' Settlement Agreement and dismiss Plaintiffs' claims with prejudice.

**B.     THE SETTLEMENT AGREEMENT**

The Settlement Agreement (Exhibit A) has been filed separately under Seal as agreed by the Parties and as approved by this Honorable Court. ECF No. 26.

**C.     ARGUMENT & AUTHORITIES**

   **1.     The Parties have reached a formal settlement agreement.**

The Settlement Agreement has already been agreed upon and executed by the Parties. Under the Settlement Agreement, half of each Plaintiff's individual settlement amount will be characterized as wages and the other half as liquidated damages and interest for tax withholding and reporting purposes. The settlement amounts have been allocated to each Plaintiff based on the time and pay records provided by ACT using a uniform formula applied equally to each Plaintiff. In addition to the settlement payment, ACT will pay the employer's portion of any payroll taxes due. Plaintiffs will release their FLSA claims.

   **2.     The settlement represents a reasonable compromise of this litigation.**

Plaintiffs brought claims against ACT for its alleged pay practice of treating inspectors as exempt from the FLSA and paying them a salary or hourly pay, but without any premium for overtime hours. ACT disputes Plaintiffs' claims as to liability and amount. This Settlement provides Plaintiffs with proportional recovery of their claims based on the time and pay data provided by ACT regarding each Plaintiff.

All Parties are represented by experienced counsel. Plaintiffs' counsel has served as lead or co-lead counsel in numerous wage-and-hour actions with multiple plaintiffs. *See*, *e.g.*,

Ex. B-2, Select Court Decisions. Plaintiffs' counsel has successfully recovered unpaid overtime and associated damages on behalf of many workers, including many large-scale wage-and-hour class/collective actions. *See*, *e.g.*, Ex. B-1, Select Wage-and-Hour Settlements. ACT was originally represented by Robert J. David, who has been practicing in the area of employment law since 1992 and who has defended numerous FLSA cases. Mr. David is now a mediator who mediates FLSA cases. Joel P. Babineaux enrolled as co-counsel in defense of ACT and was actively involved in the negotiation of settlement on ACT's behalf. Mr. Babineaux has also been practicing employment law since 1992 and has successfully defended defendants in numerous FLSA cases in Louisiana and in other federal court venues in other states. Mr. Babineaux currently serves on the Louisiana Board of Legal Specialization's Employment Law Advisory Commission.

Both counsel for Plaintiff and Defendant have litigated FLSA cases before this Honorable Court and have had FLSA settlements approved by this Honorable Court. In *Sandras v. Expeditors and Production Services Co.*, 2019 WL 658819 (W.D. La. 2019),[1] this Honorable Court, in approving a FLSA settlement, noted the following with regard to counsel for Plaintiffs and Defendant:

> This case has been litigated by competent lawyers on each side who enjoy great respect in their field from both sides of the aisle. Counsel for Plaintiff has appeared multiple times in this Court with success on most, if not all, occasions. Defense counsel is well known to this Court and the legal community and is a skilled litigator.

The Parties and their respective counsel agree the Settlement Agreement is a fair and reasonable compromise of a bona fide dispute regarding the claims alleged by Plaintiffs in light of the procedural posture of the case, the litigation risks, and the litigation costs to all

---

[1] The cited opinion is a Report and Recommendation that was approved by the District Judge.

Parties. The Parties have engaged in arm's-length and extended settlement negotiations. Because the settlement is a fair and reasonable compromise given the considerations outlined above, the Court should approve the settlement.

The Fifth Circuit has set out six factors for evaluating settlement proposals: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

### 2.1. There was no fraud or collusion in arriving at the settlement. (Factor 1.)

The settlement is a product of the extended negotiations of the Parties, including arms-length negotiation through counsel. There was no fraud or collusion by any participant. Ex. B, Parmet decl.

### 2.2. The case was settled after significant litigation. If not resolved, further, extensive litigation would follow. (Factors 2-4.)

This case was settled after substantial investigation and work by the Parties and their counsel. The work undertaken by Plaintiffs and Plaintiffs' counsel included:

- Investigation of ACT and its management and ownership;

- Review of Department of Labor database and records;

- Review of court records for similar or related cases involving ACT and its management and ownership;

- Review of legal authority, including court orders and administrative guidance, regarding legal issues before and during the course of the lawsuit;

- Filing and serving Plaintiffs' original complaint;

- Obtaining certification of the collective, sending notice of the action, and managing the collective;

- Drafting and sending Plaintiffs' disclosures and expert designation;

- Reviewing Plaintiffs' documents and production;

- Interviewing Opt-in Plaintiffs;

- Reviewing ACT's production, including payroll and time documents and data;

- Analyzing and processing data for Plaintiffs payroll, including creating a damage model for the data; and

- Negotiating and finalizing the Parties' Settlement Agreement and approval documents.

If the case were not settled, there would be extensive work to come, including additional written discovery to and from all Parties and associated discovery disputes, depositions, dispositive motions, and motions regarding applicability of the FLSA, Plaintiffs' damages, ACT's good faith and willfulness, and decertification.

In all, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (Plaintiffs in particular) recognized that their settlement represented a compromise of the range and certainty of their damages.

### 2.3. The participants agree settlement is in the best interest of Plaintiffs and the class.

Finally, that this settlement in the best interest of Plaintiffs is an opinion shared by both Plaintiffs and their counsel. Ex. B, Parmet decl.

### 3. The Court should allow a service award for the Representative Plaintiffs.

The terms of the settlement allow the Representative Plaintiff (Venable) to receive a service award of $1,500, to be paid from the gross settlement amount for their roles in initiating the investigation and litigation of this matter, serving as class representative,

responding to counsel's questions, providing documents, participating in settlement discussions, reviewing the settlement, and otherwise assisting counsel.

Courts routinely approve incentive awards to compensate class representatives for the services they provided and the risks they incurred during the course of the class action litigation. *See*, *e.g.*, *Caligiuri v. Symantec Corp.,* 855 F.3d 860, 868 (8th Cir. 2017) (approving $10,000 incentive award to each named plaintiff); *Wineland v. Casey's Gen. Stores, Inc.*, 267 F.R.D. 669, 677 (S.D. Iowa 2009) (same); *McClean v. Health Sys., Inc.*, No. 6:11-CV-03037-DGK, 2015 WL 12513703, at *1 (W.D. Mo. Aug. 4, 2015) (approving $5,000 incentive award to each named plaintiff). Incentive awards are intended to reflect the substantial service and risk provided by a lead plaintiff, and can often be substantial. *See, e.g., Sanders v. MPRI, Inc.,* No. 5:08-cv-00345-R, ECF No. 180 (W.D. Okla. Oct. 19, 2009) (approving incentive awards to helpful plaintiffs of up to $14,300); *Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*, No. 09-cv-01543-REB-KMT, 2010 WL 5387559, at *6 (D. Colo. Dec. 22, 2010) (approving incentive award of $10,000 as being "well within the range of reasonable incentive awards"); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) (approving incentive awards ranging from $35,000 to $50,000); *Glass v. UBS Financial Servs., Inc.*, No. C-06-4068, 2007 WL 221862, *16 (N.D. Cal. 2007), aff'd, 331 Fed.Appx. 452 (9th Cir. 2009) (approving $25,000 incentive awards to each named plaintiff); *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 300 (N.D. Cal. 1995) (approving $50,000 incentive award to lead plaintiff).

### 4. Plaintiffs' attorney fees and litigation expenses are part of the agreement between the Parties.

A portion of the settlement is separately negotiated and allocated to the payment of Plaintiffs' attorneys' fees and case expenses, as set in Plaintiffs' continent fee contract with

their counsel. It is entirely appropriate for the issue of attorneys' fees to be settled by the parties themselves. *See*, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee.").

Although the Parties have requested Court approval of the settlement, recent authority has increasingly questioned whether a court is required to (or even has the power to) examine or approve of the attorneys' fees' in an FLSA settlement. *E.g.*, *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1028 (8th Cir. 2019).[2] In *Barbee*, the Eighth Circuit concluded that not only was the approval of attorneys' fees not required, but that "the district court's authority [over a wage settlement] did not extend beyond concluding the merits settlement was satisfactory." 927 F.3d at 1027. The Eighth Circuit found the parties' agreement on the issue was conclusive unless there was some reason to believe the fees had some "bearing on whether the employer had adequately paid its employees in a settlement." *Id*.

Cases declining to review attorneys' fees are in line with the actual language of the FLSA, which does not require the approval of attorneys' fees. *See* 29 U.S.C. § 216. "[T]he FLSA's underlying purpose" is, after all, "protecting workers' rights," not ensuring defendants have fairly compensated plaintiff's counsel. *Barbee*, 927 F.3d at 1027 (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)) (internal quotation marks omitted). As a result, "[t]he Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and

---

[2] There has been a growing trend of cases finding that judicial approval of any portion of an FLSA settlement is not required or appropriate, absent special circumstances. *E.g.*, *Hawthorn v. Fiesta Flooring, LLC*, No. 1:19-cv-00019-WJ-SCY, 2020 WL 3085921, at *3-4 (D.N.M. Jun. 10, 2020).

overtime claims." *Bench v. Cheyenne Logistics, LLC*, No. 4:14-cv-1327, 2016 WL 2997591, at *3 (E.D. Mo. May 25, 2016) (quotation omitted).

The logic of *Barbee* and similar cases applies in both collective actions and individual cases. Unlike Rule 23 Class actions, the review of FLSA settlements comes from the need to protect workers already before the court, not in ensuring absent class members are treated fairly. *See Lawson v. Procare CRS, Inc.*, No. 18-cv-00248-TCK-JFJ, 2019 WL 112781 (N.D. Okla. Jan. 4, 2019); *see also* Fed. R. Civ. P. 23(e)(2) (requiring approval only "[i]f the proposal would bind class members"). "Accordingly, despite discussion of attorney fees in th[is] joint motion, this Court need not review that aspect of the[ ] motion." *Loveless v. Ecotech, LLC*, No. 4:19-cv-02698-SNLJ, 2020 WL 1032239, at *1 (E.D. Mo. Mar. 3, 2020).

Plaintiffs note, however, that the attorneys' fees in this case are in line with Fifth Circuit precedent and prior cases in this District. In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%.[3] *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also, e.g.*, *In re Bayou Sorrell Class Action*, 2006 WL 3230771, at *5 ("40% fees have been awarded in similar [class] cases by Louisiana Federal District Courts."); *Malone v. Arc Inspection Servs., LLC*, No. No. 7:19-cv-00296-DC-RCG, ECF No. 49 (W.D. Tex. Jan. 12, 2021) (approving attorneys' fees of 40% of gross recovery in FLSA case); *Baker v. DrilTech, LLC*, No. 6:16-cv-00309-SMH-CBW, ECF No. 36 (W.D. La. May 15, 2018) (same); *Matthews v. Priority Energy Svcs., LLC*, No. 6:15-cv-00448-RWS-KNM, ECF No. 148 (E.D. Tex. Apr. 20, 2018), *adopted by* ECF No. 149 (E.D. Tex. May 11, 2018) (same); *Daniels v. Prod. Mgmt. Indus., LLC*, NO. 6:15-cv-02567-UDJ-PJH, ECF No. 66 (W.D. La. Apr.

---

[3] The Fifth Circuit notes this was the customary fee for cases "against the government," but Plaintiffs' counsel does not believe this distinction to be material.

20, 2018), *adopted* ECF No. 67 (W.D. La. May 3, 2018) (same); *Johnson v. Pat Williams Constr., LLC*, No. 1:17-cv-00591-JTT-MLH, ECF No. 36 (W.D. La. Mar. 16, 2018) (same); *Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (same); *Crow v. ProPetro Svcs., Inc.*, No. 7:15-cv-00149-RAJ, ECF No. 87 (W.D. Tex. Jun. 20, 2017) (same); *Legros v. Mud Control Equip., Co.*, No. 6:15-cv-01082-RFD-PJH, ECF No. 74 (W.D. La. Mar. 6, 2017) (same); *Riddle v. Detel Wireless, LLC*, No. 1:16-cv-00433-DDD-JPM, ECF No. 31 (W.D. La. Mar. 3, 2017) (same); *Cantu v. Circle Bar A, Inc.*, No. 5:15-cv-00468-XR, ECF No. 52 (W.D. Tex. Jun. 23, 2016) (same).

For these reasons, attorneys' fees of 40% of the gross recovery by Plaintiffs is reasonable and necessary. Plaintiffs' counsel also seeks reimbursement of their advanced litigation expenses. For these and remaining costs, Plaintiffs' counsel requests reimbursement of costs and expenses in the amount of $830.00.

**D.  CONCLUSION**

For these reasons, the Court should approve the Settlement Agreement reached by the Parties.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____
**Matthew S. Parmet**
LA Bar # 32855
**PARMET PC**
3 Riverway, Ste. 1910
Houston, Texas 77056
phone 713 999 5228
matt@parmet.law

**Kenneth St. Pé**
Louisiana Bar Roll 22638
**ST. PÉ LAW**
311West University Ave., Ste. A
Lafayette, LA 70506
Telephone: (337) 534-4043
Telecopier: (337) 534-8379
kds@sptpelaw.com

**Attorneys for Plaintiffs**

*/s/ Joel P. Babineaux*

By: _____
**Joel P. Babineaux**, LA#21455 (T.A.)
E-mail: jbabineaux@bpasfirm.com
**Karen T. Bordelon**, LA #20114
E-mail: kbordelon@bpasfirm.com
**BABINEAUX, POCHE', ANTHONY
& SLAVICH, L.L.C.**
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503

**Attorneys for American Consulting and Testing, Inc.**