UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHANE VENABLE                          CASE NO.  6:20-CV-01232

VERSUS                                 JUDGE ROBERT R. SUMMERHAYS

AMERICAN CONSULTING & TESTING INC      MAGISTRATE JUDGE PATRICK J.
                                       HANNA

## REPORT & RECOMMENDATION

Before the Court is a joint motion to approve settlement and to dismiss with prejudice filed by the parties to this Fair Labor Standards Act ("FLSA")[1] collective action.   (Rec. Doc. 28). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion before the Court be GRANTED and this civil action be DISMISSED with prejudice.

## BACKGROUND

Plaintiff Shane Venable ("Plaintiff" or "Venable") instituted this collective action against defendant American Consulting & Testing, Inc. ("ACT") on September 22, 2020, seeking to recover unpaid overtime wages and damages under the FLSA.[2]  Specifically, Plaintiff alleged ACT maintained a compensation plan

---

[1]    29 U.S.C. § 200, *et seq.*
[2]    Rec. Doc. 1.

1

under which ACT paid an overtime premium beginning at fifty (50) hours per week.[3] Plaintiff alleged that under this scheme he was paid an hourly rate of $27.00 per hour for hours 1 – 49 worked in any given week.[4]  Plaintiff alleged he often worked overtime, but was paid "straight time" for the first nine (9) hours of overtime in each week, resulting in a violation of the FLSA.[5]  Plaintiff alleged ACT was aware of the unlawful nature of this "straight time for overtime" compensation plan, making their violation willful.[6]  Based on the allegation of willfulness, Plaintiff sought liquidated damages, reasonable attorney fees, costs, and expenses.[7]  Plaintiff further asserted that the "straight time for overtime" plan allegedly employed by ACT resulted in similar violations as to other employees, who Plaintiff alleged should be named as class members in this collective action.[8]

ACT filed its answer on or about January 26, 2021, denying violations of the FLSA alleged by Plaintiff.[9]  The following week, the Court issued its scheduling order, setting this matter for bench trial on April 4, 2022.[10]  On April 1, 2021 the

---

[3]     *Id.* at ¶¶ 33-36.
[4]     *Id.* at ¶¶ 36-43.
[5]     *Id.* at ¶¶ 44-47.
[6]     *Id.* at ¶¶ 58-60.
[7]     *Id.* at ¶¶ 59-60.
[8]     *Id.* at ¶¶ 51-60.
[9]     Rec. Doc. 8.
[10]    Rec. Doc. 9.

parties filed a joint motion to certify this case as a collective action ("joint motion to certify").[11]  The motion was granted by the undersigned magistrate judge.[12]

The  joint motion to certify explained the parties' agreement to define the class as

> [c]urrent and former employees of American Consulting and Testing, Inc. who were not paid at least 1/5 times their regular rate of pay for hours worked over 40 in a workweek at any point from September 22, 2017, to the present.  Rec. Doc. 11 at p. 1.

As detailed in the motion to certify, the parties agreed to a schedule for the distribution of notices, by U.S. Mail, telephone, and text message, to putative class members.[13]  The record shows that nine (9) additional individuals joined the lawsuit during the 60-day window established by the parties.[14]

On January 3, 2022, the parties filed their proposed settlement in the record of the case, by motion asking that the settlement documents be sealed.[15]  The undersigned magistrate judge granted the parties' motion, ordering that the proposed settlement be filed under seal in the record of the case.[16]  Two days later, the parties filed the joint motion to approve the settlement now before the Court.[17]

---

[11]    Rec. Doc. 11.
[12]    Rec. Doc. 12.
[13]    Rec. Doc. 11 at p. 2.
[14]    Rec. Docs. 14, 15, 16, 19, 20, 21, and 22.
[15]    Rec. Doc. 25.
[16]    Rec. Docs. 26, 27.
[17]    Rec. Doc. 28.

## LAW AND ANALYSIS

"This Court must approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the FLSA."[18] Generally, settlement is the preferred means of resolving litigation.[19] Further, there is a "strong presumption" in favor of finding a settlement to be fair.[20] Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable.[21]

Pursuant to the joint motion and the settlement agreement itself, the parties agree that a bona fide dispute exists as to the plaintiff's FLSA claims.[22] As explained above, Plaintiff's suit alleged he was denied overtime pay for all overtime hours between 41 and 49 hours total per week.  Plaintiff alleged he was paid straight time of $27.00 per hour for each hour short of 50 hours, after which he was paid a premium for hours 50 and over.  Plaintiff's allegations describe a "straight time for

---

[18]    *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2008).
[19]    *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391-92 (5th Cir. 1984).
[20]    *Camp v. Progressive Corp.*, Nos. 01-2680 and 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) (Wilkinson, MJ.) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).
[21]    *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Collins*, 568 F.Supp.2d at 719.
[22]    Rec. Doc. 28 at pp. 3-4 ("The Parties and their respective counsel agree the Settlement Agreement is a fair and reasonable compromise of a bona fide dispute regarding the claims alleged by Plaintiff in light of the procedural posture of the case, the litigation risks, and the litigation costs to all Parties.").

overtime" compensation plan.  Applicable jurisprudence instructs disputes between an employer and employees regarding hours worked or compensation owed constitute bona fide disputes under the FLSA.[23]  This case presents just such a dispute; centering on compensation due Plaintiff by defendant employer. Additionally, the Court finds substantial effort has been expended in this matter since its inception in 2020.  As detailed above, the parties worked diligently on conducting prenotice discovery, as well as drafting and disseminating notice to all putative class members.  Accordingly, this Court finds the settlement agreement does concern a bona fide dispute under the FLSA.

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.[24] As part of the fairness determination, the Court must also assess

---

[23]    *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012).

[24]    *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) (citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)); *see also Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) ("In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties.").

the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel.[25]

The undersigned has reviewed the confidential Settlement Agreement carefully. There is no evidence of fraud or collusion behind the settlement, and there is "a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."[26] The parties assert the settlement was reached via arms-length negotiation through counsel and was not the product of fraud, collusion, or duress.[27]  The Court has no evidence before it contradicting these joint representations.  Accordingly, this factor favors approval of the settlement as fair, adequate, and reasonable.

Factor two regards the complexity, expense, and likely duration of the litigation.  As above, this suit was filed in 2020 and involved complex issues of FLSA issues, including:

(1)    disputed records of hours actually worked;

(2)    whether ACT could offset any amounts paid for overtime;

(3)    whether any Plaintiff was exempt from the FLSA's overtime requirements under the Motor Carrier Act or was excepted from that

---

[25]    *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998).

[26]    *Camp*, 2004 WL 2149079 at *7 (citing 4 Newberg on Class Actions § 11.51 (4th ed.)).

[27]    Rec. Docs. 27 at p. 9, 28-1 at p. 3.

exemption by the Technical Corrections Act;

(4)     whether any FLSA violations by ACT were committed in bad faith or were willful; and

(5)     the merits of proceeding as a class.[28]

This Court finds these issues, combined with the size of the putative class and the task of drafting written, telephonic, and text notices to same to be sufficiently complex as to weigh in favor of reasonableness.  Moreover, the parties agree that litigation of Plaintiffs' claims to this point was costly and, should the litigation continue, will continue to cost the parties significantly.  This court agrees this suit, now entering its second year, is likely to continue for a significant amount of time, since the parties would be required to engage in written discovery, depositions, motion practice and, perhaps, a trial.[29]

Finally, the parties assert they undertook a reasoned assessment of the potential risks and outcomes of litigation.  As stated in the settlement, the parties with knowledge of and,

---

[28] *Id.*
[29] *Id.* at p. 5.

> [u]nderstanding the uncertainties of litigation and for the purpose of securing peace of mind, and in order to avoid the time and cost of litigation, and in exchange for the amounts herein and the releases of claims and other good and valuable consideration as expressed herein and subject to approval by the Court…[30]

This Court is satisfied counsel for the parties possesses the requisite skill and experience to assess the risks and potential outcomes of continued litigation and trial. The terms of the settlement agreement confirm that each Plaintiff will be fairly compensated for overtime hours allegedly worked according to a formula applied to all Plaintiffs and will also obtain payment of all attorney fees and costs.[31] Additionally, the parties represent ACT will pay its employer portion of payroll taxes due.[32] Accordingly, this Court finds the fourth and fifth factors to weigh in favor of approval of the Settlement as fair, adequate, and reasonable.

Factor six does not apply in this case, ending the Court's analysis. Given the foregoing, it is the finding of the Court that the settlement is a fair, reasonable, and adequate compromise of Plaintiffs' claims.

As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and expenses sought by

---

[30]     Rec. Doc. 27 at p. 2, Sec. III.
[31]     Although not specifically delineated as to each Plaintiff, the Settlement discloses that each Plaintiff will be paid a portion representing hourly wages and a separate portion representing liquidated damages.  Rec. Doc. 28 at p. 2.
[32]     *Id.*

plaintiff's counsel.[33] The Fifth Circuit generally uses the lodestar method for determining reasonable attorney's fees in class actions and FLSA actions.[34] A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[35] After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[36] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.[37] Further, "[t]he lodestar . . . is presumptively reasonable and should be modified only in exceptional cases."[38]

In this case, all parties have agreed Plaintiffs' counsel is entitled to a total of 40% of the gross settlement amount for attorney fees, plus $830 in costs and expenses. The parties have not submitted documentation as to the total hours of attorney work performed by Plaintiffs' counsel, counsel's customary rate of pay, or

[33]   *Strong*, 137 F.3d at 849-850.
[34]   *Strong*, 137 F.3d at 850.
[35]   *Id*.
[36]   The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.
[37]   *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).
[38]   *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

the expenses incurred by Plaintiffs in this litigation. Nevertheless, given that contingency fee arrangements in this legal community are routinely in excess of 33%,[39] and attorney fees are usually deducted from each plaintiff's total recovery, the Court finds the proposed award in this case to be fair and reasonable. The Court bases its finding on the skill and expertise with which Plaintiffs' counsel oversaw the litigation of the claims brought in this FLSA collective action. The Court also notes the preexisting contingent fee arrangement between Plaintiffs and their attorney, evidencing consent. Plaintiffs' counsel is well known to the Court and has prosecuted many such claims with similar professionalism and skill. Based on the foregoing, the Court finds the proposed award in this case to be fair and reasonable.

## CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that the proposed settlement agreement be APPROVED and, accordingly, that the parties' joint motion for such approval (Rec. Doc. 28) be GRANTED in full. Finally, it is RECOMMENDED that this FLSA collective action be DISMISSED with prejudice.

Because the parties have agreed on the payment of settlement funds and attorney's fees and there has been no objection to the settlement filed in the record, the Court hereby shortens the time period for objections set forth in 28 U.S.C.A. §

---

[39]    *See, e.g., Johnson v. Power Performance, Inc.*, Civ. Act. No. 20-cv-1471 (W.D. La. 2021); *Daniels v. Production Mgmt. Indus., LLC*, Civ. Act. No. 15-cv-2567 (W.D. La. 2018) (approving a settlement agreement containing a 40% contingency fee to plaintiffs' attorney based on similar reasoning); *Legros v. Mud Control Equip.*, Civ. Act. No. 15-cv-1082 (W.D. La. 2017).

636(b)(1)(c).  The parties shall, accordingly, file any desired objections to the proposed factual findings and/or proposed legal conclusions reflected in the Report and Recommendation with FIVE (5) days of service of this Report and Recommendation.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the Report and Recommendation within FIVE (5) days following the date of its service, shall bar an aggrieved party from attacking either the factual findings of the legal conclusions accepted by the District Court, except on grounds of plain error.[40]

SIGNED at Lafayette, Louisiana this 25th day of February, 2022.


_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[40]    *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).